FRANCISCO FORTEZA & Co. and TORO PEREZ & Co., Plaintiffs and Appellees, *v.* MIGUEL COLÓN-NAZARIO and wife, Defendants and Appellants.

No. 3457. Argued March 20, 1925.—Decided April 7, 1926.

*Carlos Brunet* for the appellants. *López de Tord & Zayas Pizarro* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

It is important in this appeal to fix clearly the nature of the action brought by the complainants. The appellants say that while the title of the action is "rescission of contract and recovery of money," the action is really one for nullity of a contract. As the fourth assignment of error is that the judgment of the court is opposed to the law and the facts we

shall first review the facts in order adequately to understand the issues.

The appellant Miguel Colón Nazario was deeply indebted to the two firms, the appellees in this case, who brought suit against him and attached all the property that was to be found in a certain mercantile establishment in Ponce belonging to the debtor. Thereafter on the 5th day of January, 1923, the parties came together and drew up a paper writing wherein it was recited substantially that, whereas Colón was indebted to the appellees in the sum of $9,199.44, and whereas the said Colón had stated to the said appellees that he lacked any goods or property other than those attached, the appellees agreed that they would accept in payment of their claims the goods so attached valued at $1,500 and $1,000 more which the said Colón borrowed to pay the said appellees. The goods were subsequently sold by the appellees. At the trial it transpired by a strong preponderance of the evidence that Colón had perpetrated a fraud on his creditors; that at the time of the alleged compromise he had considerable other real and personal property, and the court rendered judgment in favor of the complainants as for a balance between the amount paid by virtue of the paper writing of January 5, 1923, and the account owing or supposed to be owing at the time of the judgment. The court declared that the said paper writing, which it designated as a compromise, was null and void.

The first assignment is that the court committed error in overruling the demurrer presented by the defendants. Succinctly the theory is that before they had a right to ask the annulment of the alleged compromise of January 5, 1923, the complainants should have returned or tendered to the defendants the effects or things which the said complainants had received thereunder. The appellants rely on section 1270 of the Civil Code, as follows:

"When the nullity of an obligation has been declared, the con-

tracting parties shall restore to each other the things which have been the object of the contract with their fruits, and the value with its interest, without prejudice to the provisions contained in the following sections.''

■ The appellees maintain that they fall without this rule of law and they also plead a substantial performance. Section 1273 of the Civil Code on which appellees in part rely states an exception to the rule of the return of property when the cause or consideration was false and no blame attaches to the party who is seeking a nullity. Either the compromise of January 5, 1923, was without any consideration or the consideration or moving cause therefor was the statement that the debtor had no other property. So that the creditors were not bound by anything recited in said compromise and were entitled to have it annulled without a tender of the goods or money received. This conclusion does not mean that a debtor might not have an action or a credit for the property or money actually turned over to the creditors.

■ The appellees also maintain, and we are agreed with them, that there was a substantial substitute for the return of the goods. The said attached goods were promptly sold and this action apparently with the understanding and consent of the debtor. There was no possibility of the specific return of the goods. The creditors did the next best thing. They credited the debtor with the amounts realized and received. This is all that the circumstances could require in any case approaching this, as the law does not demand impossibilities.

■ Therefore a complaint which sets out a current account, a fraudulent attempt to settle by a partial payment called a compromise, the nullity of such compromise and prays the declaration of such nullity and the recovery of the balance due, all of which was done here, sufficiently states a cause of action.

■ The second assignment of error relates to an alleged ratification of the compromise. The appellees, after the knowledge of the concealment of the assets came to their ears,

started other negotiations looking to the turning over of other assets, thus accepting, according to appellants, the *status quo* created by the compromise. The debtor was willing to pay further sums and actually did turn over other goods. This state of things, rather than the ratification of the fraud, was an acknowledgment and confirmation of the position of the appellees, namely, that the original compromise was such a fraud and not a true settlement between the parties.

■ We agree with the appellees also that the failure of the court to make any pronouncement against Lorenza Soto Rodríguez was harmless error, if possibly it could be considered error at all. She was the wife of the debtor Colón Nazario. Her position for the purposes of this suit we think was that of a proper, rather than a necessary party. The negotiations looking to a second settlement were not consummated owing to her refusal to take part in them. It was entirely within her power to obtain from the court below a declaration absolving her from any responsibility other than that which flowed naturally from the fact that she was a member of the matrimonial society of which her husband was the administrator. We see no prejudice and possibly some advantage to her in the silence of the judgment with respect to herself.

The fourth assignment, so far as it is specific, relates to the weighing of the evidence and the general theory of the case. There was, for example, a cross-complaint seeking damages for the manner in which the complainants attached the goods of defendant Colón and disturbed his wife. The testimony of the witnesses was totally contradictory in this regard and fell well within the discrimination that a court has in weighing evidence.

The judgment should be affirmed.